FILED
FEBRUARY 13, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOFFREY BENFORD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| CHRISTOPHER M. RANIERI d/b/a | ) |
| LAW OFFICE OF CHRISTOPHER M. RANIERI, P.A.; | ) |
| CHRISTOPHER M. RANIERI, P.A.; | ) |
| FIRST AMERICAN INVESTMENT COMPANY, LLC; | ) |
| and S & P CAPITAL MANAGEMENT LLC., d/b/a | ) |
| S & P CAPITAL INVESTMENTS, INC. | ) |
| | ) |
| Defendants. | ) |

**PH**

**08 C 917**

**JUDGE KENNELLY
MAGISTRATE JUDGE MASON**

JURY TRIAL DEMANDED

**COMPLAINT**

**INTRODUCTION**

1. Plaintiff, Joffrey Benford ("Plaintiff"), brings this action to secure redress against an unlawful credit and collection practices that violates the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*., ("FDCPA"). Defendants Christopher M. Ranieri d/b/a Law Office of Christopher M. Ranieri, P.A. ("Mr. Ranieri") Christopher M. Ranieri, P.A. ("Ranieri P.A."), collectively ("Ranieri"), and First American Investment Company, LLC ("FAIC") and S & P Capital Management LLC d/b/a S & P Capital Investments, Inc. ("S&P") in attempting to collect an old debt, believed to have been paid off, contacted one of Plaintiff's relatives and informing her that Plaintiff needed to be served with court papers for a November 2007 hearing, when in fact Plaintiff was not sued and no such hearing existed. Furthermore, Defendants failed to note that Plaintiff had disputed the debt and permitted the debt to be collected upon by another debt collector subsequent to the transfer of the debt.

2.         The FDCPA is broad in its prohibition of unfair or unconscionable collections methods including the use of any false, deceptive or misleading statements in connection with the collection of a debt.  Furthermore, "It is the purpose of [the FDCPA] to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged. . . ." 15 U.S.C. § 1692(e).  Ranieri's collection practices complained of herein provide it with a competitive advantage over other debt collectors who follow federal law.

## JURISDICTION AND VENUE

3.         This Court has jurisdiction under 28 U.S.C. §§1331, 1337 and 15 U.S.C. §1692k (Fair Debt Collection Practices Act). This Court also has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367 as the conduct complained of arises out of a common nucleus of operative facts.

4.         Venue and personal jurisdiction over Defendants in this District is proper because:

    a.   Plaintiff resides in Cook County, Illinois, which is within the District;

    b.   Ranieri transacts business in the District via the use of the telephone and mail in an attempt to collect a debt;

    c.   FAIC itself or through its agent Ranieri transacts business in the District via the use of the telephone and mail in an attempt to collect a debt; and

    d.   S & P itself or through its agent Ranieri transacts business in the District via the use of the telephone and mail in an attempt to collect a

debt, alternatively S & P's collection activities occurred within the District.

## PARTIES

5.  Defendant Christopher M. Ranieri, doing business as the Law Office of Christopher M. Ranieri, P.A. is an attorney doing business at 3890 West Commercial Boulevard, Fort Lauderdale, Florida 33309. According to the Florida State Bar website, Mr. Ranieri is a member is good standing. Mr. Ranieri is a debt collector as defined in 15 U.S.C. § 1692a(6).

6.  Defendant Law Office of Christopher M. Ranieri P.A. is a Florida Professional Association with its principal place of business at 3890 West Commercial Boulevard, Fort Lauderdale, Florida 33309. Ranieri P.A. is a debt collector as defined in 15 U.S.C. § 1692a(6).

7.  At all times material to the allegations set forth in this Complaint, Mr. Ranieri had knowledge of and authorized the conduct of the employees and others acting on behalf of Ranieri P.A. that are complained of herein.

8.  Mr. Ranieri is believed to be the sole office and director of Ranieri P.A. Mr. Ranieri is intimately involved with the improper conduct alleged herein as he directs the policies, practices, and operations of Ranieri P.A. and is obligated under the rules of the Florida State Bar to supervise the actions of those employees and others acting on behalf of Ranieri P.A.

9.  Mr. Ranieri is personally responsible for the actions of Ranieri P.A. of the conduct complained of herein.

10. Similar allegations against Ranieri for falsely stating or falsely implying that litigation has been commenced against a consumer have been alleged in the following federal matters:

a. *Martinez v. Christopher M. Ranieri P.A.,*, Case No. 4:07-cv-0326, Dkt. 1, Complaint (S.D. Tx. Nov. 14, 2007).

b. *Gordon v. Law Office of Christopher M. Ranieri P.A., Christopher M. Ranieri and First American Investment Company, LLC,* Case No. 2:2007cv01170, Dkt. 1, Complaint (W.D. Pa. Aug. 24, 2007).

c. *Curtis v. Christopher M. Ranieri, and Christopher M. Ranieri P.A.,*, Case No. 07-61112, Dkt. 1, Complaint (S.D. Fla. Aug. 8, 2007).

d. *Mills v. Christopher M. Ranieri d/b/a Law Office of Christopher M. Ranieri, P.A.*, Case No. 1:07-cv-733, Dkt. 1, Complaint (W.D. Mich. July 30, 2007).

e. *Ashton v. Christopher M. Ranieri d/b/a The Law Office of Christopher M. Ranieri; and Christopher M. Ranieri P.A.,* Case No. 4:07-cv-02098, Dkt. 1, Complaint (S.D. Tx. June 27, 2007).

f. *Estarellas v. Christopher M. Ranieri, and Christopher M. Ranieri P.A.,*, Case No. 9:07-cv-80306, Dkt. 8, Amended Complaint (S.D. Fla. May 14, 2007).

11. S & P Capital Management LLC is a corporation engaged in the business of purchasing consumer debts that are in default at the time they are purchased. S & P is a debt collector as defined in 15 U.S.C. § 1692a(6). S & P's principal place of business is at 1601 W. Airport Freeway, Euless, Texas 76040. Its registered agent is Neil A. Patel and his office is located at 1601 W. Airport Freeway, Euless, Texas 76040.

12. First American Investment Company, LLC is a corporation engaged in the business of purchasing consumer debts that are in default at the time they are purchased. FAIC is a debt collector as defined in 15 U.S.C. § 1692a(6). FAIC is listed of the New York State's

Department of State's website as being located at 2809 Wehrle Drive, Suite 1, Williamsville, New York, 14221.  FAIC does not maintain a registered agent in the State of New York.

## FACTS

13. Plaintiff incurred a debt for personal, family, or household purposes with his creditor Clout Financial Services, hereinafter ("Plaintiff's debt").

14. At the time each of the named Defendants in this matter became involved with Plaintiff's debt, Plaintiff had defaulted on his payments with his creditor Clout Financial Services.

15. Plaintiff had entered into an agreement with a third party credit counseling entity that was supposed to make payments on Plaintiff's behalf towards the payment of Plaintiff's debt.

16. On or about December 13, 2006, Plaintiff disputed the validity of the debt S & P was collecting upon.  A redacted copy of the letter sent to S & P is attached hereto as Exhibit 1.

17. S & P received Plaintiff's the original letter of the redacted copy attached hereto as Exhibit 1.

18. Ranieri sent Plaintiff a letter, dated September 21, 2007, a redacted copy of which is attached hereto as Exhibit 2.  The original of Exhibit 2 was not returned to Ranieri by the US Postal Service.  Plaintiff received the original of Exhibit 2.

19. Exhibit 2 states that current creditor is "First American Investment Company".

20. On or about October 26, 2007, Ranieri contacted via telephone a relative of Plaintiff.

21. During the on or about October 26, 2007 telephone conversation with a relative of Plaintiff, Ranieri stated that they needed to contact Plaintiff to serve him with court papers for a November hearing.

22. No lawsuit had been filed against Plaintiff to which a November hearing was required.

23. Ranieri did not file suit on the debt it was attempting to collect from Plaintiff.

24. No attorney has filed suit on the debt Ranieri was attempting to collect from Plaintiff.

25. On information and belief, on or about November 12, 2007, the office from which Ranieri was attempting to collect on Plaintiff's debt was transferred to Kristin Swanson-Mace, P.A.

26. On information and belief, Ranieri did not inform Kristin Swanson-Mace, P.A. that Plaintiff's debt was disputed.

27. Plaintiff was contacted by Kristin Swanson-Mace, P.A. in an attempt to collect on Plaintiff's debt. Plaintiff then retained legal counsel who disputed Plaintiff's debt with Kristin Swanson-Mace, P.A.

28. On November 21, 2007, in response to Plaintiff's counsel's dispute, Kristin Swanson-Mace, P.A. informed Plaintiff's counsel that, "S&P Capital Inc." was its "client" and on information and belief was the owner of the debt at the time Kristin Swanson-Mace, P.A. contacted Plaintiff. A copy of t Kristin Swanson-Mace, P.A. correspondence to Plaintiff's counsel is attached hereto as Exhibit 3.

## COUNT I
## FDCPA § 1692e CLAIMS

29. Plaintiff incorporates and re-alleges paragraphs 1-28 above.

30. 15 U.S.C. § 1692e, in pertinent part, provides:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

> (2) The false representation of—
> (A) the character, amount, or legal status of any debt;

\* \* \*

> (5) The threat to take any action that cannot legally be taken or that is not intended to be taken.

\* \* \*

> (8) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed.

\* \* \*

> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

31. The message left with Plaintiff's relative by Ranieri that there was a November court hearing created a false sense of urgency for Plaintiff to return Ranieri's phone call.

32. Plaintiff has suffered actual damages as a result of Ranieri's phone call to Plaintiff's relative.

33. Defendants violated 15 U.S.C. §§ 1692e, e(2)(A), e(5), e(8) and e(10).

## COUNT II
## INTRUSION ON SECLUSION INVASION OF PRIVACY

34. Plaintiff incorporates and re-alleges paragraphs 1-28 above.

35. Ranieri contacting Plaintiff's relative under the guise that it needed to serve Plaintiff court papers after it had an address Plaintiff could be reached at, was an intrusion into Plaintiff's seclusion and an invasion of his personal privacy.

36. Ranieri contacting Plaintiff's relative under the guise that it needed to serve Plaintiff court papers after it had an address that Plaintiff could be reached at was not reasonable conduct in an attempt to collect a debt.

37. Plaintiff has suffered actual damages as a result of Ranieri's phone call to Plaintiff's relative.

**WHERFORE**, Plaintiff requests this Honorable Court to enter judgment in favor of Plaintiff for:

(1) Statutory and actual damages, attorney's fees and costs under the FDCPA against Defendants;

(2) Actual damages under Plaintiff's state law tort claim against Defendants; and

(3) Such other relief as the Court deems proper.

Respectfully submitted,

s/ Curtis C. Warner
Curtis C. Warner

Curtis C. Warner
WARNER LAW FIRM, LLC
Millennium Park Plaza
151 N. Michigan Ave. 37th Floor – Ste. 3714

Chicago, Illinois 60601
(312) 238-9820  (TEL)
cwarner@warnerlawllc.com

## JURY DEMAND

Plaintiff requests a trial by jury.

Respectfully submitted,

s/ Curtis C. Warner
Curtis C. Warner

Curtis C. Warner
WARNER LAW FIRM, LLC
Millennium Park Plaza
151 N. Michigan Ave. 37th Floor – Ste. 3714
Chicago, Illinois 60601
(312) 238-9820  (TEL)
cwarner@warnerlawllc.com