# APPENDIX 1

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| JOFFREY BENFORD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| CHRISTOPHER M. RANIERI d/b/a | ) |
| LAW OFFICE OF CHRISTOPHER M. RANIERI, P.A.; | ) |
| CHRISTOPHER M. RANIERI, P.A.; | ) |
| UNITED STATES CREDIT AGENCY, LLC, f/k/a | ) |
| FIRST AMERICAN INVESTMENT COMPANY, LLC; | )    JURY TRIAL DEMANDED |
| and S & P CAPITAL MANAGEMENT LLC., d/b/a | ) |
| S & P CAPITAL INVESTMENTS, INC. | ) |
| | ) |
| Defendants. | ) |

**AMENDED COMPLAINT**

**INTRODUCTION**

1.      Plaintiff, Joffrey Benford ("Plaintiff"), brings this action to secure redress against an unlawful credit and collection practices that violates the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*., ("FDCPA").  Defendants Christopher M. Ranieri d/b/a Law Office of Christopher M. Ranieri, P.A. ("Mr. Ranieri") Christopher M. Ranieri, P.A. ("Ranieri P.A."), collectively ("Ranieri"), and United States Credit Agency, LLC f/k/a First American Investment Company, LLC ("USCA") and S & P Capital Management LLC d/b/a S & P Capital Investments, Inc. ("S&P") in attempting to collect an old debt, believed to have been paid off, contacted one of Plaintiff's relatives and informing her that Plaintiff needed to be served with court papers for a November 2007 hearing, when in fact Plaintiff was not sued and no such hearing existed.  Furthermore, Defendants failed to note that Plaintiff had disputed the debt and

permitted the debt to be collected upon by another debt collector subsequent to the transfer of the debt.

2.    The FDCPA is broad in its prohibition of unfair or unconscionable collections methods including the use of any false, deceptive or misleading statements in connection with the collection of a debt.  Furthermore, "It is the purpose of [the FDCPA] to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged. . . ." 15 U.S.C. § 1692(e).  Ranieri's collection practices complained of herein provide it with a competitive advantage over other debt collectors who follow federal law.

**JURISDICTION AND VENUE**

3.    This Court has jurisdiction under 28 U.S.C. §§1331, 1337 and 15 U.S.C. §1692k (Fair Debt Collection Practices Act). This Court also has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367 as the conduct complained of arises out of a common nucleus of operative facts.

4.    Venue and personal jurisdiction over Defendants in this District is proper because:

        a.    Plaintiff resides in Cook County, Illinois, which is within the District;

        b.    Ranieri transacts business in the District via the use of the telephone and mail in an attempt to collect a debt;

        c.    USCA itself or through its agent Ranieri transacts business in the District via the use of the telephone and mail in an attempt to collect a debt; and

d.      S & P itself or through its agent Ranieri transacts business in the

District via the use of the telephone and mail in an attempt to collect a

debt, alternatively S & P's collection activities occurred within the

District.

## PARTIES

5.      Defendant Christopher M. Ranieri, doing business as the Law Office of

Christopher M. Ranieri, P.A. is an attorney doing business at 3890 West Commercial Boulevard,

Fort Lauderdale, Florida 33309.  According to the Florida State Bar website, Mr. Ranieri is a

member is good standing.  Mr. Ranieri is a debt collector as defined in 15 U.S.C. § 1692a(6).

6.      Defendant Law Office of Christopher M. Ranieri P.A. is a Florida

Professional Association with its principal place of business at 3890 West Commercial

Boulevard, Fort Lauderdale, Florida 33309.  Ranieri P.A. is a debt collector as defined in 15

U.S.C. § 1692a(6).

7.      At all times material to the allegations set forth in this Complaint, Mr.

Ranieri had knowledge of and authorized the conduct of the employees and others acting on

behalf of Ranieri P.A. that are complained of herein.

8.      Mr. Ranieri is believed to be the sole office and director of Ranieri P.A.

Mr. Ranieri is intimately involved with the improper conduct alleged herein as he directs the

policies, practices, and operations of Ranieri P.A. and is obligated under the rules of the Florida

State Bar to supervise the actions of those employees and others acting on behalf of Ranieri P.A.

9.      Mr. Ranieri is personally responsible for the actions of Ranieri P.A. of the

conduct complained of herein.

10.    Similar allegations against Ranieri for falsely stating or falsely implying that litigation has been commenced or will be commenced against a consumer have been alleged in the following federal matters:

a.    *Wright v. Christopher M. Ranieri d/b/a Law Office of Christopher M. Ranieri, P.A.*, *and Christopher M. Ranieri, P.A.*, Case No. 4:08-cv-00626, Dkt. 1, Complaint (S.D. Tx. Feb 25, 2008).

b.    *Hunter v. Christopher M. Ranieri, Christopher M. Ranieri, P.A.*, Case No. 4:08-cv-00607, Dkt. 1, Complaint (S.D. Tx. Feb 2, 2008).

c.    *Martinez v. Christopher M. Ranieri P.A.*,, Case No. 4:07-cv-0326, Dkt. 1, Complaint (S.D. Tx. Nov. 14, 2007).

d.    *Gordon v. Law Office of Christopher M. Ranieri P.A., Christopher M. Ranieri and First American Investment Company, LLC,* Case No. 2:2007cv01170, Dkt. 1, Complaint (W.D. Pa. Aug. 24, 2007).

e.    *Curtis v. Christopher M. Ranieri, and Christopher M. Ranieri P.A.*,, Case No. 07-61112, Dkt. 1, Complaint (S.D. Fla. Aug. 8, 2007).

f.    *Mills v. Christopher M. Ranieri d/b/a Law Office of Christopher M. Ranieri, P.A.*, Case No. 1:07-cv-733, Dkt. 1, Complaint (W.D. Mich. July 30, 2007).

g.    *Ashton v. Christopher M. Ranieri d/b/a The Law Office of Christopher M. Ranieri; and Christopher M. Ranieri P.A.,* Case No. 4:07-cv-02098, Dkt. 1, Complaint (S.D. Tx. June 27, 2007).

h.    *Estarellas v. Christopher M. Ranieri, and Christopher M. Ranieri P.A.*,, Case No. 9:07-cv-80306, Dkt. 8, Amended Complaint (S.D. Fla. May 14, 2007).

11.     S & P Capital Management LLC is a corporation engaged in the business of purchasing consumer debts that are in default at the time they are purchased. S & P is a debt collector as defined in 15 U.S.C. § 1692a(6).  S & P's principal place of business is at 1601 W. Airport Freeway, Euless, Texas 76040. Its registered agent is Neil A. Patel and his office is located at 1601 W. Airport Freeway, Euless, Texas 76040.  On information and belief S&P has relocated to PO Box 709, Bedford, Texas 76095

12.     On or about March 2008, First American Investment Company, LLC changed its name to United States Credit Agency, LLC.  USCA is a corporation engaged in the business of purchasing consumer debts that are in default at the time they are purchased. USCA is a debt collector as defined in 15 U.S.C. § 1692a(6).  USCA is listed of the New York State's Department of State's website as being located at 2809 Wehrle Drive, Suite 1, Williamsville, New York, 14221.  USCA does not maintain a registered agent in the State of New York. United States Credit Agency, LLC's use of the words "United States" in its name is a patently blatant violation of the FDCPA.  15 U.S.C. § 1692e(1) ("The false representation or implication that the debt collector is vouched for, bonded by, or affiliated with the United States . . . .")

**FACTS**

13.     Plaintiff incurred a debt for personal, family, or household purposes with his creditor Clout Financial Services, hereinafter ("Plaintiff's debt").

14.     At the time each of the named Defendants in this matter became involved with Plaintiff's debt, Plaintiff had defaulted on his payments with his creditor Clout Financial Services.

15.     Plaintiff had entered into an agreement with a third party credit counseling entity that was supposed to make payments on Plaintiff's behalf towards the payment of Plaintiff's debt.

16.     On or about December 13, 2006, Plaintiff disputed the validity of the debt S & P was collecting upon.  A redacted copy of the letter sent to S & P is attached hereto as Exhibit 1.

17.     S & P received Plaintiff's the original letter of the redacted copy attached hereto as Exhibit 1.

18.     Ranieri sent Plaintiff a letter, dated September 21, 2007, a redacted copy of which is attached hereto as Exhibit 2.  The original of Exhibit 2 was not returned to Ranieri by the US Postal Service.  Plaintiff received the original of Exhibit 2.

19.     Exhibit 2 states that current creditor is "First American Investment Company".

20.     On or about October 26, 2007, Ranieri contacted via telephone a relative of Plaintiff.

21.     During the on or about October 26, 2007 telephone conversation with a relative of Plaintiff, Ranieri stated that they needed to contact Plaintiff to serve him with court papers for a November hearing.

22.     No lawsuit had been filed against Plaintiff to which a November hearing was required.

23.     Ranieri did not file suit on the debt it was attempting to collect from Plaintiff.

24.     No attorney has filed suit on the debt Ranieri was attempting to collect from Plaintiff.

25.     On information and belief, on or about November 12, 2007, the office from which Ranieri was attempting to collect on Plaintiff's debt was transferred to Kristin Swanson-Mace, P.A.

26.     On information and belief, Ranieri did not inform Kristin Swanson-Mace, P.A. that Plaintiff's debt was disputed.

27.     Plaintiff was contacted by Kristin Swanson-Mace, P.A. in an attempt to collect on Plaintiff's debt.  Plaintiff then retained legal counsel who disputed Plaintiff's debt with Kristin Swanson-Mace, P.A.

28.     On November 21, 2007, in response to Plaintiff's counsel's dispute, Kristin Swanson-Mace, P.A. informed Plaintiff's counsel that, "S&P Capital Inc." was its "client" and on information and belief was the owner of the debt at the time Kristin Swanson-Mace, P.A. contacted Plaintiff.  A copy of t Kristin Swanson-Mace, P.A.  correspondence to Plaintiff's counsel is attached hereto as Exhibit 3.

## COUNT I
## FDCPA § 1692e CLAIMS

29.     Plaintiff incorporates and re-alleges paragraphs 1-28 above.

30.     15 U.S.C. § 1692e, in pertinent part, provides:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

> (2) The false representation of—
>     (A) the character, amount, or legal status of any debt;

> * * *

(5) The threat to take any action that cannot legally be taken or that is not intended to be taken.

* * *

(8) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed.

* * *

(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

31.    The message left with Plaintiff's relative by Ranieri that there was a November court hearing created a false sense of urgency for Plaintiff to return Ranieri's phone call.

32.    Plaintiff has suffered actual damages as a result of Ranieri's phone call to Plaintiff's relative.

33.    Defendants violated 15 U.S.C. §§ 1692e, e(2)(A), e(5), e(8) and e(10).

**COUNT II**
**INTRUSION ON SECLUSION INVASION OF PRIVACY**

34.    Plaintiff incorporates and re-alleges paragraphs 1-28 above.

35.    Ranieri contacting Plaintiff's relative under the guise that it needed to serve Plaintiff court papers after it had an address Plaintiff could be reached at, was an intrusion into Plaintiff's seclusion and an invasion of his personal privacy.

36.    Ranieri contacting Plaintiff's relative under the guise that it needed to serve Plaintiff court papers after it had an address that Plaintiff could be reached at was not reasonable conduct in an attempt to collect a debt.

37.     Plaintiff has suffered actual damages as a result of Ranieri's phone call to Plaintiff's relative.

38.     Ranieri's acts complained of herein were willful and malicious.

**WHERFORE**, Plaintiff requests this Honorable Court to enter judgment in favor of Plaintiff for:

(1)     Statutory and actual damages, attorney's fees and costs under the FDCPA against Defendants;

(2)     Actual and punitive damages under Plaintiff's state law tort claim against all Defendants; and

(3)     Such other relief as the Court deems proper.

Respectfully submitted,

s/ Curtis C. Warner
Curtis C. Warner

Curtis C. Warner
WARNER LAW FIRM, LLC
Millennium Park Plaza
151 N. Michigan Ave. 37th Floor – Ste. 3714
Chicago, Illinois 60601
(312) 238-9820  (TEL)
cwarner@warnerlawllc.com

**JURY DEMAND**

Plaintiff requests a trial by jury.

Respectfully submitted,

s/ Curtis C. Warner
Curtis C. Warner

Curtis C. Warner
WARNER LAW FIRM, LLC
Millennium Park Plaza
151 N. Michigan Ave. 37th Floor – Ste. 3714
Chicago, Illinois 60601
(312) 238-9820  (TEL)
cwarner@warnerlawllc.com

# EXHIBIT 1

December 13, 2006

Joffrey Q. Benford
████████████████     REDACTED


S & P Capital Investment, Inc.
1601 Airport Fwy
Euless, TX, 76040-4020

Date December 13, 2006

Re: Acct CLOUT FIN –D10335XXXX

To Whom It May Concern:

This letter is being sent to you in response to a notice sent to me. Be
advised that this is not a refusal to pay, but a notice sent pursuant to
the Fair Debt Collection Practices Act, 15 USC 1692g Sec. 809 (b) that
your claim is disputed and validation is requested.

This is NOT a request for "verification" or proof of my mailing address,
but a request for VALIDATION made pursuant to the above named Title and
Section. I respectfully request that your offices provide me with
competent evidence that I have any legal obligation to pay you.

Please provide me with the following:


What the money you say I owe is for;
Explain and show me how you calculated what you say I owe;
Provide me with copies of any papers that show I agreed to pay what you
say I owe;
Provide a verification or copy of any judgment if applicable;
Identify the original creditor;
Prove the Statute of Limitations has not expired on this account
Show me that you are licensed to collect in my state
Provide me with your license numbers and Registered Agent

At this time I will also inform you that if your offices have reported
invalidated information to any of the 3 major Credit Bureau's (Equifax,
Experian or TransUnion) this action might constitute fraud under both
Federal and State Laws. Due to this fact, if any negative mark is found
on any of my credit reports by your company or the company that you
represent I will not hesitate in bringing legal action against you for
the following:

Violation of the Fair Credit Reporting Act
Violation of the Fair Debt Collection Practices Act
Defamation of Character
If your offices are able to provide the proper documentation as
requested in the following Declaration, I will require at least 30 days
to investigate this information and during such time all collection
activity must cease and desist.

Also during this validation period, if any action is taken which could
be considered detrimental to any of my credit reports, I will consult
with my legal counsel for suit. This includes any listing any
information to a credit reporting repository that could be inaccurate or
invalidated or verifying an account as accurate when in fact there is no

provided proof that it is.

If your offices fail to respond to this validation request within 30 days from the date of your receipt, all references to this account must be deleted and completely removed from my credit file and a copy of such deletion request shall be sent to me immediately.

I would also like to request, in writing, that no telephone contact be made by your offices to my home or to my place of employment. If your offices attempt telephone communication with me, including but not limited to computer generated calls and calls or correspondence sent to or with any third parties, it will be considered harassment and I will have no choice but to file suit. All future communications with me MUST be done in writing and sent to the address noted in this letter by USPS.

It would be advisable that you assure that your records are in order before I am forced to take legal action. This is an attempt to correct your records, any information obtained shall be used for that purpose.

Best Regards,

Jeffrey Benford

# EXHIBIT 2

Christopher M. Ranieri P.A.
PO Box 815
Williamsville, NY 14231
ADDRESS SERVICE REQUESTED

**Law Office of**
**Christopher M. Ranieri P.A.**

3890 West Commercial Boulevard, Suite 211
Fort Lauderdale, Florida 33309
1-800-721-9789   • Fax (954) 739-2591

09/21/2007

AHN0 - 000072
Joffrey Benford
                        REDACTED

|..|..||..||..||..||..|..||..||..||..|..||.|.|.||||.|.||

Original Creditor: Clout Financial Services
Current Creditor: First American Investment Company
ID: 4680806500110563
File #: 262665
Balance: $2,843.58

RANIT0HNTY727135E8

ID:    4680806500110563          Original Creditor: Clout Financial Services
File #:  262665                  Current Creditor: First American Investment Company          Balance: $2,843.58

Dear Joffrey Benford:

        This is a demand for payment of the original debt incurred by you. The debt identified above was sold by Clout Financial Services, all of your rights and obligations regarding this contract have been placed with this office.

        You may choose to resolve this matter with one of the following options:  (1) You may pay the balance in full in the amount of $2,843.58 with certified funds or (2) You may contact this office to make an acceptable payment arrangement.  **Please remit payment to the order of First American Investment Co., LLC.**  When you provide a check as payment, you authorize us either to use information from your check to make a onetime electronic fund transfer from your account or to process the payment as a check transaction.

        At this time, no attorney with this firm has personally reviewed the particular circumstances of your account.  However, if you fail to contact this office our client may consider additional remedies to recover the balance due.

        You may contact this office toll free at 1-800-721-9789, Monday through Saturday 8:00am-9:00pm EST.  **Please refer to the file number indicated above.**

        Federal law requires we notify you this is an attempt to collect a debt; any information obtained will be used for that purpose.  This communication is from a debt collector.

        **All payments are to be remitted to: First American Investment Company, LLC., P.O. Box 815, Williamsville, NY 14231.**  No responsibility will be taken for any lost payments sent to 3890 West Commercial Boulevard, Suite 211, Fort Lauderdale, Florida 33309.

        Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid.  If you notify this office in writing within 30 days of receiving this notice, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such a judgment or verification.  If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of original creditor, if different from the current creditor.

        Sincerely,

        Law Office of Christopher M. Ranieri P.A.

**PLEASE READ THE REVERSE SIDE FOR SPECIFIC STATE COLLECTION LAWS THAT MAY
APPLY TO YOUR STATE.**

**We are required under state law to give you the following notices, some of which refer to rights you have under federal law. This list does not include a complete list of the rights to which consumers or commercial businesses have under state and federal law. Note the following, which may apply in the specified states:**

**California:** The state Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8 a.m. or after 9 p.m. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at 1-800-877-FTC-HELP or www.ftc.gov. As required by law, you are hereby notified that a negative credit report reflecting on your credit record may be submitted by a credit agency if you fail to fulfill the terms of your credit obligations.

**Colorado:** We are required under state law to notify consumers of the following rights. This notice does not contain a complete list of the rights consumers have under state and federal law. Colorado Residents: If you notify us in writing that you wish us to cease contact by telephone at your residence or place of employment, then no such further contact by telephone shall be made. If you notify us in writing that you refuse to pay a debt or that you wish us to cease further communication with you, then we shall not communicate further with you with respect to such debt, except for a written communication: (A) to advise you that our further efforts are being terminated; (B) to notify you that we may invoke specified remedies which we ordinarily invoke; or (C) where applicable, to notify you that we intend to invoke a specified remedy permitted by law. If you orally inform us of any of the matters specified in this paragraph, we shall advise you that such communication must be made in writing. Collection agencies are licensed by the Collection Agency Board, 1525 Sherman Street, 5th Floor, Denver, CO 80203. Do not send payments to the Collection Agency Board. For information about the Colorado Fair Debt Collection Practices Act, see WWW.AGO.STATE.CO.US/CADC/CADCMAIN.CFM.

**Massachusetts:** We are required under state law to notify consumers of the following rights. This notice does not contain a complete list of the rights consumers have under state and federal law. Residents of Massachusetts – NOTICE OF IMPORTANT RIGHTS YOU HAVE THE RIGHT TO MAKE A WRITTEN OR ORAL REQUEST THAT TELEPHONE CALLS REGARDING YOUR DEBT NOT BE MADE TO YOU AT YOUR PLACE OF EMPLOYMENT. ANY SUCH ORAL REQUEST WILL BE VALID FOR ONLY TEN DAYS UNLESS YOU PROVIDE WRITTEN CONFIRMATION OF THE REQUEST POSTMARKED OR DELIVERED WITHIN SEVEN DAYS OF SUCH REQUEST. YOU MAY TERMINATE THIS REQUEST BY WRITING TO THE COLLECTION AGENCY. Office hours: Monday through Friday, 9:00 a.m. through 10:00 p.m.

**Michigan:** Michigan requires us to give the following notice, however, all consumers have these rights under federal law. The failure of a consumer to dispute the validity of a debt shall not be construed as an admission of liability by the consumer.

**Utah:** As required by Utah law, you are hereby notified that a negative credit report reflecting on your credit record may be submitted to a credit-reporting agency if you fail to fulfill the terms of your credit obligations.

# EXHIBIT 3

NOV-21-2007 WED 10:31 AM

Case 1:08-cv-00917    Document 13-2    Filed 04/15/2008    Page 19 of 19 P.002

LAW OFFICES OF

# KRISTIN SWANSON-MACE, P.A.

238 N. Westmont Drive, Suite 105-107                    Phone 866-521-0411
Altamonte Springs, Florida 32714                            Fax 407-862-2518

November 21, 2007


Curtis C. Warner, Esq.
Warner Law Firm, LLC
Millennium Park Plaza
151 N. Michigan Ave. 37th Floor-3714
Chicago, Illinois 60601


Re: Your Client Joffrey Benford


Dear Mr. Warner:

Thank you for your correspondence of November 20, 2007 reference your client, Joffery
Benford.

Please be advised that The Christopher Ranieri Law Firm is not associated or affiliated
in any manner with this office.

In light of the apparent conflict with the Law Firm we have closed and returned the file
to our client S&P Capital Inc. and have ceased representation in this matter.

I have no knowledge as to whether this matter will be pursued in the future by another
firm.

Very Truly Yours,


Richard Porter
Paralegal
File Management
EG/RP