IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOFFREY BENFORD, <br><br> Plaintiff, <br><br> v. <br><br> CHRISTOPHER M. RANIERI d/b/a <br> LAW OFFICE OF CHRISTOPHER M. RANIERI, P.A.; <br> CHRISTOPHER M. RANIERI, P.A.; <br> FIRST AMERICAN INVESTMENT COMPANY, LLC; <br> and S & P CAPITAL MANAGEMENT LLC., d/b/a <br> S & P CAPITAL INVESTMENTS, INC., <br><br> Defendants. | Case No. 08 C 917 <br><br> Judge Kennelly <br><br> Magistrate Judge Mason |

**PLAINTIFF'S MOTION FOR COSTS AND ATTORNEY'S FEES
UNDER FED. R. CIV. P. 4(d)(5)**

Plaintiff, Joffrey Benford ("Plaintiff") motions this Court under Federal Rule of Civil Procedure 4(d)(5) for costs subsequently incurred in effecting service of process under Rule 4(h) together with the costs and reasonable attorney's fees expended in filing this motion due to Defendants Christopher M. Ranieri d/b/a Law Office of Christopher M. Ranieri, P.A. ("Mr. Ranieri") Christopher M. Ranieri, P.A. ("Ranieri P.A."), collectively ("Ranieri") willful failure to waive formal service of process.

In support of this motion, Plaintiff states:

### INTRODUCTION

On February 13, 2008, Plaintiff filed this action seeking redress against a unlawful credit and collection practices that violates the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*, ("FDCPA") engaged in by Mr. Ranieri, Ranieri P.A. and First American Investment Company, LLC and S & P Capital Management LLC d/b/a S & P Capital

Investments, Inc. ("S&P") in attempting to collect an old debt, believed to have been paid off, contacting one of Plaintiff's relatives informing her that Plaintiff needed to be served with court papers for a November 2007 hearing, when in fact Plaintiff was not sued and no such hearing existed. Furthermore, Defendants failed to note that Plaintiff had disputed the debt and permitted the debt to be collected upon by another debt collector subsequent to the transfer of that debt.

## FACTS RELEVANT TO PLAINTIFF'S MOTION

On February 14, 2008, a Notice of Lawsuit and Request for Waiver of Service Summons (hereinafter "Notice of Lawsuit") that complied with the requirements of Fed. R. Civ. P. 4(d)(1)(A)-(F) was each sent to Mr. Ranieri and Ranieri P.A. A copy of each Notice of Lawsuit was filed with this Court. (Dkt. 5-6, Feb. 14, 2008). Pursuant to Fed. R. Civ. P. 4(d)(1)(G) each of the Notice of Lawsuit were sent by the reliable means of certified, mail return receipt.

On February 19, 2008, the certified letter containing the Notice of Lawsuit and Request for Waiver of Service Summons was signed for. (Exhibit 1). The United States Postal Service's "Track & Confirm" service available on their website confirmed that Plaintiff's certified mail to Mr. Ranieri and Ranieri P.A was delivered on February 19, 2008. (Exhibit 2). On information and belief, on or about March 27, 2008, Mr. Ranieri individually and as the agent for Ranieri P.A was served with the Summons, Complaint, and this Court's Order for the April 18, 2008, Initial Conference. (Exhibit 3)

On April 15, 2008, Plaintiff's counsel sent via fax and e-mail to Mr. Ranier a copy of this motion and requested costs and reasonable attorney's fees to be promptly paid. (Exhibit 4).

## ARGUMENT

The Federal Rules of Civil Procedure are constructed, "to secure the just, speedy, and inexpensive determination of every action." Fed. R. Civ. P. 1. Under Rule 4(d)(2) provides:

> An individual, corporation, or association that is subject to service under subsection (e), (f), or (h) and that receives notice of an action in the manner provided in this paragraph has a duty to avoid unnecessary costs of serving the summons. To avoid costs, the plaintiff may notify such a defendant waive service of a summons.

Fed. R. Civ. P. 4(d)(2).

A defendant has "'a duty to avoid unnecessary costs of serving the summons'" by waiving service. *Penston v. Moore*, No. 98-3707 Section "M", 1999 U.S. Dist. LEXIS 6954, at * 2 (E.D. La., May 5, 1999) (quoting Fed. R. Civ. P. 4(d)(2)).

Due to Mr. Ranieri's and Ranieri P.A's. conscious decision not to waiver formal service, Plaintiff has expended additional costs and attorney's fees in obtaining personal service over Mr. Ranieri and Ranieri P.A. and in brining this motion. Because of Mr. Ranieri's and Ranieri P.A.'s inaction Plaintiff is entitled to:

> Costs subsequently incurred effecting service under subsection (e), (f), or (h) together with the costs, including a reasonable attorney's fee, of any motion required to collect the costs of service.

Fed.R.Civ.P. 4(d)(5).

## CONCLUSION

WHEREFORE Plaintiff requests this Honorable Court to enter an Order awarding Plaintiff's costs and attorney fee's under Fed.R.Civ.P. 4(d)(5) to be determined under the procedures set forth by L.R. 54.3.

                                           Respectfully submitted,

                                           <u>s/ Curtis C. Warner</u>
                                           Curtis C. Warner

Curtis C. Warner
WARNER LAW FIRM, LLC
Millennium Park Plaza
151 N. Michigan Ave. 37th Floor – Ste. 3714
Chicago, Illinois 60601
(312) 238-9820 (TEL)
cwarner@warnerlawllc.com