# APPENDIX 1

## Local Rule 54.3(e) JOINT STATEMENT

Pursuant to section (e) of LR54.3, the parties submit the following Joint Statement with respect to the motion for fees and expenses filed by Plaintiff Joffrey Benford:

1. Plaintiff Joffrey Benford claim attorney's fees of $5,367 and related nontaxable expenses of $498.32. Plaintiff Joffrey Benford calculates this claim as follows:

Lawyer Hours Rate Totals

| Curtis C. Warner | 19.4 | $260 | $5,044 |
| Laura K. Bautista | 1.7 | $190 | $323 |

Total   $5,367

2. The position of Defendants Christopher M. Ranieri and Christopher M. Ranieri, P.A. is that fees should be awarded on the following basis:

Lawyer Hours Rate Totals

Curtis C. Warner
Laura K. Bautista

Total          $

Defendants Christopher M. Ranieri and Christopher M. Ranieri, P.A.'s position is that related nontaxable expenses of _____ should be awarded.

3. The specific disputes remaining between the parties are the following:

Defendants CHRISTOPHER M. RANIERI d/b/a LAW OFFICE OF CHRISTOPHER M. RANIERI, P.A.; CHRISTOPHER M. RANIERI, P.A., and UNITED STATES CREDIT AGENCY, LLC, f/k/a FIRST AMERICAN INVESTMENT COMPANY, LLC ("Defendants") make the following statement reflecting their objections and position on the fees claimed by Beford's counsel.

Defendants object to certain time entries on the redacted invoices provided by Plaintiff's counsel.  In addition, Defendants assert that this Court may evaluate the fee claim from an equitable standpoint, as set forth below.

Regarding specific entries, the following entries all relate to research or drafting of plaintiff's complaint or research relating to the location for service on defendants, and total 7.4

hours.   Defendant objects to the amount of time spent drafting the complaint because the complaint itself is boilerplate, has a very straightforward fact pattern, and Plaintiff's counsel holds himself out as an expert in these types of cases.

Defendants reasonably expect that Plaintiffs counsel has drafted very similar complaints in prior cases and Defendants contend that the amount of time spent by Plaintiff's counsel on drafting herein is excessive.  Likewise, it is unreasonable that Plaintiff's counsel would spend nearly two hours researching the law in his area of expertise for what is a very simple case.

Finally, Plaintiff's counsel spent 2.5 hours "researching" defendants, all while defendants could be very easily located by virtue of the relevant correspondence in this case (attached to the complaint) as well as by virtue of their respective websites and the secretaries of state of New York and Florida.  Plaintiff's counsel also billed time apparently for speaking with non-parties about other purported disputes between defendants and other persons or entities that are wholly irrelevant for purposes of bringing this case on the facts alleged.

| 10.30.07 | 1.5 | research on defendant |
|---|---|---|
| 02.11.08 | 0.5 | research on other disputes |
| 02.11.08 | 2.0 | drafting |
| 02.11.08 | 1.5 | research |
| 02.14.08 | 0.1 | research on other disputes |
| 04.07.08 | 0.3 | research on defendant |
| 04.15.08 | 0.3 | research |
| 04.15.08 | 0.5 | drafting |
| 04.29.08 | 0.5 | research on defendant |
| 04.29.08 | 0.1 | research on other disputes |
| 05.01.08 | 0.1 | research on defendant |

The following entries relate to Plaintiff's counsel's time spent communicating with an unrelated co-defendant, Swanson-Mace, whom Plaintiff later dismissed.  It is not reasonable that these Defendants should be required to pay for Plaintiff's efforts to sue an unrelated entity. These entries total 1.3 hours.

| 11.20.07 | 0.2 | |
|---|---|---|
| 11.20.07 | 0.2 | |
| 11.21.08 | 0.1 | |
| 01.18.08 | 0.2 | |
| 01.23.08 | 0.1 | |
| 01.23.08 | 0.2 | |
| 01.25.08 | 0.1 | |
| 02.26.08 | 0.1 | |
| 04.29.08 | 0.1 | |

The following entries are for Plaintiff's counsel's conferences with another attorney, who attended a motion for Plaintiff's counsel on April 23.  The other attorney also billed for this time. It is unreasonable that Defendants should be expected to pay 0.8 hours for Plaintiffs counsel to speak with an attorney who has no meaningful participation in the case but simply attended a hearing on a routine motion to amend, especially when that attorney also billed for this time.

| 04.21.08 | 0.3 | |
|---|---|---|
| 04.23.08 | 0.3 | |
| 05.01.08 | 0.2 | |

The above entries total 9.5 hours and represent $2,498.50 of Plaintiff's fee petition. Notably, the invoices provided by Plaintiff's counsel to Defendants' counsel are heavily redacted. LR 54.3 allows for redacted bills to be provided, but it is possible that the redacted entries are subject to other reasonable objections as well.

Apart from the specific objections stated above, Defendants contend that this Court can determine reasonable fees based on equitable grounds, considering the simple nature of the case, the amount reasonably at issue, and the nature of the proceedings for which services were rendered.

This case hinges on a single phone call. The alleged FDCPA violation is that the debt collector, in seeking Plaintiff's address, explained that he needed the address for a lawsuit. This is a very simple, straightforward case. There apparently is a single non-party fact witness, Plaintiff's aunt, who received the phone call. The statutory damages were $1,000.

Moreover, as stated above, Plaintiff's counsel holds himself out as an expert in this area of practice, can reasonably be expected to have drafted complaints such as this in the past and can reasonably be expected to be readily familiar with the relevant law.

As such, in equity, this Court can determine and allow reasonable amounts of time for the tasks reasonably performed by Plaintiff's counsel in furtherance of the case up to the time that the Offer of Judgment was accepted.

Defendants respectfully suggest that reasonable times for services rendered through acceptance of the Offer of Judgment should include: Drafting and service of the Complaint – 3.0 hours; Communication with client and opposing counsel – 4.0 hours; Court appearances and miscellaneous tasks – 2.0 hours.

Defendants note that this case was resolved by virtue of a good faith Offer of Judgment before the time that a response to the Complaint was required. Allowing 9.0 hours for services rendered, considering the nature of the case, the amounts at issue, Counsel's expertise, and the fact of Defendants' early, successful efforts to resolve the matter, as stated above, entitles Plaintiff's counsel to $2,367, plus costs.

4. The underlying judgment in the case will not be appealed and the only remaining dispute in the litigation is the appropriate fee award.

# APPENDIX 2

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JOFFREY BENFORD, | ) | |
| | ) | Case No. 08 C 917 |
| Plaintiff, | ) | |
| | ) | Judge Kennelly |
| v. | ) | |
| | ) | Magistrate Judge Mason |
| CHRISTOPHER M. RANIERI d/b/a | ) | |
| LAW OFFICE OF CHRISTOPHER M. RANIERI, P.A.; | ) | |
| CHRISTOPHER M. RANIERI, P.A.; | ) | |
| UNITED STATES CREDIT AGENCY, LLC, f/k/a | ) | |
| FIRST AMERICAN INVESTMENT COMPANY, LLC; | ) | |
| and S & P CAPITAL MANAGEMENT LLC., d/b/a | ) | |
| S & P CAPITAL INVESTMENTS, INC. | ) | |
| | ) | |
| Defendants. | ) | |

**DECLARATION OF CURTIS C. WARNER**

I, Curtis C. Warner declare that the following statements are true:

1.      I received my undergraduate degree from Grand Valley State University in 1993, my Masters Degree in Education from Wayne State University in 1998, and my Juris Doctorate from Michigan State University – Detroit College of Law (now Michigan State University – College of Law), *cum laude*, in 2002. During law school I was the Editor-in-Chief for the Michigan State University – Detroit College of Law *Journal of Medicine and Law* and interned with the United States Army Judge Advocate General's Office at Fort Carson in Colorado.

2.      After taking the Michigan bar, I began working as an associate attorney at Collins & Blaha, P.C., an employment boutique law firm that represents various school districts in Michigan.

3.      Beginning in 2003, I worked as a staff attorney at Michigan Migrant Legal Assistance Project, Inc., representing migrant farm workers in various labor and consumer disputes before administrative agencies and federal and state courts.  During that time I represented a client before the Michigan Supreme Court.  *Lopez v. Hardy's Holsteins LLC,* 2005 MIWCLR (LRP) LEXIS 151 (Mich. WCAC, June 24, 2005) *sub nom. Lopez v. Worker's Compensation Appellate Comm'n.,* No. 263842, 2005 Mich. App. LEXIS 3312 (Mich. App., Sept. 23, 2005); 704 N.W. 2d 709, 474 Mich. 893 (Mich. 2005).

4.      While working at Michigan Migrant Legal Assistance Project, Inc., I served as an associate member on the State Bar's Committee on Legal Aid, was a member of the Michigan Pesticide Action Committee, and participated in committee meetings with state legislators and other members of the state bar focusing on passing legislation to end the unlicensed practice of law by "notarios."

5.      In 2005, I joined the consumer class action law firm of Edelman Combs Latturner & Goodwin LLC in Chicago, Illinois ("Edelman Combs").  While at Edelman Combs, I worked as an associate attorney primarily responsible for the prosecution of consumer class actions brought under the Fair Debt Collection Practices Act, the Fair Credit Reporting Act, the Illinois Consumer Fraud Act and the Illinois Security Deposit Act.

6.      In 2006, I started Warner Law Firm, LLC, and am the principal member of the firm that represents consumers primarily in the federal courts of Illinois and Michigan and in the Circuit Court for Cook County, Illinois.

7.      I am a member of both the Michigan and Illinois bars and am admitted to practice before the following Courts: Seventh Circuit Court of Appeals, Sixth Circuit Court of Appeals, Northern District of Illinois, Central District of Illinois, Southern District of Illinois,

Eastern District of Michigan, Western District of Michigan, Northern District of Indiana and the

Southern District of Indiana.  I have also been permitted to practice *pro hac vice* in the Eastern

District of Virginia and Monterey County, California.

        8.     I am a member of the Trial Bar of the Northern District of Illinois, have

served the Court as appointed counsel and have performed *pro bono* work the Legal Aid

Foundation of Metropolitan Chicago.  I am a member of the National Association of Consumer

Advocates and the Chicago Bar Association.

        9.     I have experience as the primary attorney prosecuting, or was materially

involved at some point in the litigation of the following matters that were certified as a class

action or were settled on a class basis while at Edelman Combs:  *Cavin v. Home Loan Center,*

*Inc.*, 236 F.R.D. 387 (N.D. Ill. 2006); *Larson v. Capital One Auto Finance*, Inc. 06 C 1174, 2007

U.S. Dist. LEXIS 15620 (N.D. Ill. March 5, 2007); *Thomas v. Capital One Auto Finance, Inc.*,

06 C 643, 2006 U.S. Dist. LEXIS 81358 (N.D. Ill. Oct. 24, 2006);  *Kudlicki v. Capital One Auto*

*Finance, Inc.*, 06 C 1918, 2006 U.S. Dist. LEXIS 81103 (N.D. Ill. Nov. 2, 2006);  *Pavone v.*

*Aegis Lending Corp.,* 05 C 5129, 2006 U.S. Dist. LEXIS 62157 (N.D. Ill. Aug. 31, 2006);

*Thomas v. Arrow Financial Services, LLC*, 05 C 5699, (N.D. Ill.) ($500 or 20% of the

outstanding debt, whichever is less, to his or her outstanding debt; $100 or a *pro rata* share of

$50,000 whichever is less class settlement established.  Settled in principal on class basis prior to

my departure from Edelman Combs);  *Holt v. Wells Fargo Financial Acceptance America, Inc.*,

06 C 1949 (N.D. Ill) combined with *Perez v. Z Frank LLC,* 06 C 45 (N.D. Ill.) ($438,200 class

settlement fund established. Settled in principal on class basis prior to my departure from

Edelman Combs); *Smith v. Rockenbach Chevrolet Sales, Inc*. 05 C 5454 (N.D. Ill.) ($116,841.24

settlement fund established); *Cavin v. Bill Jacobs Joliet, L.L.C.,* 05 C 5025 (N.D. Ill.)

3

($96,658.72 class settlement fund established. Settled in principal with Defendant Consumer Portfolio Services on a class basis prior to my departure from Edelman Combs); *Miller v. Ocwen Federal Bank FSB*, 05 C 308 (N.D. Ill.) ($100,000 class settlement fund established); *Asher v. Van Ru Credit Corp.,* 04 C 5947 (N.D. Ill) ($40,000 class settlement fund established)*; Thruman v. National Financial Systems, Inc.* 1:05-cv-00315-WLT-JDT (S.D. Ind.) ($6,400 class settlement fund established); *Hale v. East Lake Development & Mgt.*, 2000 CH 16139 (Cook County, Illinois) ($436,875 settlement fund established for two classes); *Fox v. Marquette Management, Inc.* 2002 CH 12449 (Cook County, Illinois) ($150,000 class settlement fund established. Settled in principal on class basis prior to my departure from Edelman Combs); *Dickson v. West Koke Mills Village Partnership*, 98 L 57 (Sangamon County, Illinois) ($3,625 class settlement fund established).

        10.      Additionally, I was the primary brief writer on behalf of the plaintiff in the following cases: *Phinn v. Capital One Finance, Inc*., 502 F. Supp. 2d 625 (E.D. Mich. 2007); *Cavin v. Home Loan Center, Inc.,* 236 F.R.D. 387 (N.D. Ill. 2006); *Hendricks v. DSW Shoe Warehouse, Inc.,* 444 F. Supp. 2d 775 (W.D. Mich. 2006); *Glover v. Mary Jane M. Elliot, P.C.*, Case No. 1:07-cv-648, 2007 U.S. Dist. LEXIS 73605 (W.D. Mich. Oct. 2, 2007); *Chavez v. Bowman, Heintz, Bocia & Vician*, 07 C 670, 2007 U.S. Dist. LEXIS 61936 (N.D. Ill. Aug. 22, 2007); *Cunningham v. Van Ru Credit Corp*., 06 C 1042, 2006 WL 3289775 (E.D Mich. Nov. 12, 2006); *Kudlicki v. Capital One Auto Finance,* 06 C 1918, 2006 WL 3210492 (N.D. Ill. Nov. 2, 2006); *Johnston v. Arrow Financial Services, LLC.,* 06 C 13, 2006 WL 2710662 (N.D. Ill. Sept. 15, 2006); *Pavone v. Aegis Lending Corp.,* 05 C 5129, 2006 WL 2536632 (N.D. Ill. Aug. 31, 2006); *Cunningham v. Van Ru Credit Corp.,* 06 C 1042, 2006 WL 2056576 (E.D. Mich. July 21, 2006); *Richardson v. DSW Inc.,* 05 C 4599, 2006 WL 163167 (N.D. Ill. Jan. 18, 2006);

*Richardson v. DSW Inc.*, 05 C 4599, 2005 WL 2978755 (N.D. Ill. Nov. 3, 2005); *Lopez v. Hardy's Holsteins LLC,* 2005 MIWCLR (LRP) LEXIS 151 (Mich. WCAC, June 24, 2005) *sub nom. Lopez v. Worker's Compensation Appellate Comm'n.,* No. 263842, 2005 Mich. App. LEXIS 3312 (Mich. App. Sept. 23, 2005); 704 N.W. 2d 709, 474 Mich. 893 (Mich. 2005).

11.    The Warner Law Firm, LLC has recently been approved as class counsel in *Horton v. IQ Telecom*, 07 C 2478, Dkt. 29, Final Approval Order, (N.D. Ill. May 5, 2008).

12.    In federal courts the Warner Law Firm, LLC represents consumer plaintiffs and the practice is based either on a contingent fee agreement or an irrevocable assignment of attorney's fees under a fee shifting statute.

13.    The Warner Law Firm, LLC also represents defendant consumers in state court proceedings filed by their alleged creditors and/or assignees.  In these state court cases the Warner Law Firm, LLC currently charges and has been paid an hourly rate of $260 per hour for the work performed by Curtis C Warner for these state court matters.

14.    The rate requested by the firm for the work preformed by Curtis C. Warner is consistent with fee awards by courts in this or other comparable areas for comparable work:

a. In *Covington v. District of Columbia*, 39 F. Supp. 894 (D.D.C. 1993), on the basis of court-approved surveys of rates in the Washington, D.C., area the court set forth an appropriate award of attorney's fees based upon this information.

b. The figures used in *Covington* have been updated each year by the office of the U.S. Attorney for the District of Columbia. Available on the U.S. Attorney's Office's website at http://www.usdoj.gov/ usao/dc/ Divisions/Civil_Division/Laffey_Matrix_7.html.  These figures are commonly referred to as the "Laffey Matrix", after *Laffey v. Northwest Airlines, Inc.*, 572 F.

Supp. 354 (D.D.C. 1983).

c. The use of the Laffey Matrix has been either expressly or implicitly approved by the courts in the Northern District and within the Seventh Circuit, at a minimum as a guide for adjusting attorney fee rates based on experience and costs of living increases. *See Arch v. Glendale Nissan*, 2005 WL 1421140 * 1 (N.D. Ill. 2005); *Samuel v. Barnhart*, 316 F. Supp. 2d 768, 781-82 (E.D. Wis. 2004); *Sadler v. Barnhart*, 2004 WL 419908 * 3 (N.D. Ill. 2004); *Covington-McIntosh v. Mount Glenwood Memory Gardens South, Inc.*, 2004 WL 2700482 (N.D. Ill. 2004); *Embry v. Barnhart*, 2003 WL 22478769 * 2 (N.D. Ill. 2003).

d. The rates on the Laffey Matrix are sometimes adjusted for a higher cost of living. *In re HPL Technologies, Inc. Securities Litigation*, 366 F. Supp. 2d 912, 921 (N.D. Cal. 2005). In comparing the locality pay differentials within the federal courts, which may be found at http://www.opm.gov/oca/07tables/pdf/saltbl.pdf (Office of Personnel Management "OPM") the locality pay from Washington D.C., is 18.59% compared to Chicago at 21.79%. Therefore, to account for the higher cost of living in Chicago the Laffey Matrix should be adjusted upward 3.2%.

e. Based upon the Laffey Matrix my billing rate should be $255 per hour.  Taking into the cost of living in the Chicago market my billing rate should be $261 per hour for work done in 2007.

15.    A billing rate of $260 for a consumer attorney in the Chicago area admitted to the bar in 2002 is reasonable in light of the following awards:

a.    *Parker v. Linebarger, Goggan, Blair & Sampson, LLP*, 06 C 2346, Dkt. 34 , Final Approval Order Class Action Settlement (N.D. Ill. June 14, 2007), the court finding in an FDCPA case that $290 per hour for solo practitioner Jason Shanfield, admitted  in

6

2001, was reasonable;

        b.    *Harper v. CCC Motors, Inc*, 06 M1 131521, Circuit Court of Cook County, Illinois, 1st Municipal District, the court finding in a consumer fraud case that $275 for attorney Alex Burke, admitted 2003, was reasonable.  <u>Appendix 1</u>.

        16.    While no court has explicitly set my billing rate, in the context of a class action settlements the following billing rates for my work was submitted to the courts and the amount of attorney's fees sought in total were approved by the court.  Examples of state and federal court cases and the rates applied for Curtis C. Warner's work are as follows:

        a. $190 per hour for work done in 2005-2006 in *Hale v. East Lake Development & Mgt.*, 2000 CH 16139 (Cook County, Illinois); and

        b. $225 per hour for work done in 2006 in *Grace v. Z Frank LLC,* 06 C 1623 (N.D. Ill.).

        17.    For this case, I kept tract of my time on a contemporaneous basis by using time notes which where entered into an Excel spreadsheet on a separate time sheet saved on the firm's computer within the case file.  Expenses are also imputed into a separate Excel spreadsheet as they are incurred and have been edited to reflect those expenses attributable to the Defendants to whom made the offer of judgment in this matter.

        I Curtis C. Warner declare under penalty of perjury that the foregoing is true and correct.

Executed on May 30, 2008       <u>s/ Curtis C. Warner</u>
                             Curtis C. Warner

Curtis C. Warner
WARNER LAW FIRM, LLC
Millennium Park Plaza
151 N. Michigan Ave. Ste. 3714
Chicago, Illinois 60601
(312) 238-9820 (TEL)

# APPENDIX 3

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| JOFFREY BENFORD, | ) | |
| | ) | Case No. 08 C 917 |
| Plaintiff, | ) | |
| | ) | Judge Kennelly |
| v. | ) | |
| | ) | Magistrate Judge Mason |
| CHRISTOPHER M. RANIERI d/b/a | ) | |
| LAW OFFICE OF CHRISTOPHER M. RANIERI, P.A.; | ) | |
| CHRISTOPHER M. RANIERI, P.A.; | ) | |
| FIRST AMERICAN INVESTMENT COMPANY, LLC; | ) | |
| and S & P CAPITAL MANAGEMENT LLC., d/b/a | ) | |
| S & P CAPITAL INVESTMENTS, INC., | ) | |
| | ) | |
| Defendants. | ) | |

### DECLARATION OF LAURA K. BAUTISTA

I, Laura K. Bautista, declare the following statements are true:

1. I received my undergraduate degree, with honors, from Eastern Kentucky University in 2001 and my Juris Doctorate from Chicago-Kent College of Law in 2006. While in law school, I received an award for the highest grade in my Pre-trial Litigation class, along with my partner in the class, earned a Certificate in Litigation and Alternative Dispute Resolution, and clerked for the 19th Circuit Court of Illinois my 1L summer.

2. After taking the Illinois Bar, I worked at Utreras Law Offices, a boutique employment law firm that represents both employees and employers in federal discrimination matters.

3. Beginning in September 2006, I worked as a staff attorney for a division of the Chicago Legal Clinic, LASPD, advising clients about their rights in consumer matters.

4. While working for LASPD, I served as a committee chair for the Hispanic Lawyers Association of Illinois. My service included organizing career fairs for local high schools to encourage young Hispanics to become attorneys.

5. Beginning in October 2007, I was one of two staff attorneys at the Chicago Legal Clinic's Expedited Child Support and Paternity Help Desk.

6.  In November 2006, I began my solo practice primarily representing employees and consumers in the state and federal courts of Illinois and working with other attorneys on a contract basis in many areas including: employment law, family law, mortgage foreclosure defense, and bankruptcy.

7.  I am a member of the Illinois bar and am admitted to practice in the Northern District of Illinois.

8.  In 2007, I began co-counseling cases with the Warner Law Firm, LLC and my compensation from these cases is based either on a contingent fee agreement or an irrevocable assignment of attorney's fees under a fee shifting statute.

9.  In my solo practice I charge clients $185 per hour for my services.

10. I kept track of my time in this case on a contemporaneous basis using hand-written notations of my work.

I, Laura K. Bautista, declare under penalty of perjury that the foregoing is true and correct.


Executed on May 30, 2008

/s Laura K. Bautista
Laura K. Bautista

# APPENDIX 4

# UNITED STATES DISTRICT COURT
## FOR THE Northern District of Illinois – CM/ECF LIVE, Ver 3.0
### Eastern Division

Gregory McClendon

                                    Plaintiff,

v.                                                      Case No.: 1:07–cv–04784
                                                        Honorable George W. Lindberg

Continental Service Group, Inc.

                                    Defendant.

---

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Tuesday, October 9, 2007:

      MINUTE entry before Judge George W. Lindberg :Pursuant to Defendants Rule 68 Offer of Judgment, judgment is entered in favor of the plaintiff Gregory McClendon in the amount of $1,001.00. Additionally, the parties stipulate to the entry of an award of attorneys fees and cost in this matter in the amount of $4,528.50. Civil case terminated. Mailed notice(slb, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at ***www.ilnd.uscourts.gov***.

# APPENDIX 5

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
_____ **MUNICIPAL DISTRICT**

Harper

v.

CCC Motors, Inc

LINE NO. _____

NO. 06 MI B/521

## MOTION CALL ORDER

**Present before the Court:** ☐ **Plaintiff(s)** ☐ **Defendant(s)** ☑ **Plaintiff(s)' Counsel** ☑ **Defendant(s)' Counsel**
      **THIS MATTER** having come before the Court, the Court having jurisdiction and being fully advised,

**IT IS HEREBY ORDERED** that the motion:

| | | |
|---|---|---|
| 4957 | ☐ | **to Vacate DWP of** _____ is GRANTED. |
| 5957 | ☐ | is DENIED. |
| 4957 | ☐ | **to Vacate Default Judgment of** _____ is GRANTED, |
| 4482 | ☐ | **and this case is set for Trial on** _____, at _____ a.m./p.m. in Rm. _____ |
| 4482 | ☐ | **for Status on** _____, at _____ a.m./p.m. in Rm. _____ |
| 5957 | ☐ | **to Vacate the Default Judgment of** _____ is DENIED. |
| 4957 | ☐ | **to Vacate the Dismissal of** _____ is GRANTED, |
| | | **and case is reinstated; Judgment for** _____ |
| 4001 | ☐ | **in the amount of $** _____. |
| 4285 | ☐ | **to Vacate Installment Order of** _____ is GRANTED, Judgment to stand. |
| 4280 | ☐ | **for Summary Judgment in favor of** _____ is GRANTED. |
| 5280 | ☐ | is DENIED |
| 4004 | ☐ | **to Dismiss as to Defendant** _____ is GRANTED. |
| 5004 | ☐ | is DENIED. |
| ( ) | ☐ | **Motion to/for** _____ for Alexander H. Burke ____ is CONTINUED |
| ( ) | ☐ | **for HEARING at** _____ a.m./p.m. on _____, in Rm. _____ |
| ( ) | ☑ | **with the following briefing schedule:** |

The court finds $325 per hour for Keith J. Keogh and
$275 per hour to be reasonable hourly rates for this
case. the time expended by plaintiff's counsel in
prosecuting this case was reasonable, as were
the costs, as delineated in the fee petition

( ) ☐ **See Attached Order:** Submitted by plaintiff. Plaintiff is awarded
$18,651.00 in reasonable fees, and 548.80 in costs, for a

**Atty. No.:** 39042
**Name:** Law Offices of Keith J. Keogh
**Atty. for:** Plaintiff
**Address:** 227 W Monroe Suite 2000
**City/State/Zip:** Chicago, Il 60606
**Telephone:** 312-726-1092

**ENTERED:** total of 19,199.80, pursuant
**DATE:** to the Illinois Consumer Fraud Act.

Judge Dennis M. McGuire

JAN 22 2008

**Judge**

**Judge's No.**

Circuit Court - 1856

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

# APPENDIX 6

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| LOUIS PARKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No.    06 CV 2346 |
| v. | ) | Honorable Charles P. Kocoras |
| | ) | Magistrate Judge Michael T. Mason |
| LINEBARGER, GOGGAN, BLAIR & | ) | |
| SAMPSON, LLP, | ) | |
| | ) | |
| Defendant. | ) | |

**FINAL ORDER APPROVING CLASS ACTION
SETTLEMENT, FINAL JUDGMENT, AND ORDER OF DISMISSAL**

This matter came on for hearing on January 30, 2007, upon the joint motion of the parties for approval of the settlement set forth in the Class Action Settlement Agreement dated as of January 18, 2006. Due and adequate notice having been given to the members of the Settlement Class, and the Court having considered the Class Action Settlement Agreement, all papers filed, and proceedings had herein, and all written and oral comments received regarding the proposed settlement, and having review the record in this matter, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:

1.    On February 16, 2006, this Court granted preliminary approval to the Class Action Settlement Agreement reached between the parties and the class of persons defined in paragraph 9 of the Class Action settlement Agreement. The Court approved a form notice of the settlement for mailing to the Settlement Class. The Court is informed that actual notice was sent by first class mail to 17,211 members of the Settlement Class. A total of 1,251 envelopes were returned by the United States Postal Service marked undeliverable with no forwarding address available, and 17 envelopes were returned and re-mailed to a forwarding address. 10 Settlement Class member requested to be

excluded from the Settlement Class. No Class members objected to the terms of the settlement.

2.    The Court adopts all defined terms as set forth in the Class Action Settlement Agreement for purposes of this Order.

3.    The Court has subject matter jurisdiction over this matter and personal jurisdiction over the parties and members of the Settlement Class.

4.    The Court finds that the distribution of the Notice of Class Action Settlement as provided for in the Court's preliminary approval order constituted the best notice practicable under the circumstances to all Settlement Class members within the definition of the Settlement Class, and met the requirements of Fed. R. Civ. P. 23, federal law, and due process.

5.    The Court approves the settlement of this action, as set forth in the Class Action Settlement Agreement, as fair, just, reasonable, and adequate as to the Parties and absent Class members. The Settlement Class members, other than those who have opted out as listed Paragraph 8 herein, are bound by the terms of the Class Action Settlement Agreement. The Parties are directed to continue performance in accordance with the Class Action Settlement Agreement.

6.    Except as to any individual claim of any person who timely excluded himself or herself from the Settlement Class, all of the Released Claims as defined in Paragraph 10 herein are dismissed with prejudice as to Louis Parker and all other members of the Settlement Class. The parties are to bear their own costs except as otherwise provided in the Class Action Settlement Agreement.

7.    Solely for purposes of effectuating the settlement, this Court previously preliminarily certified a Class of all persons who satisfy the following criteria:

(i) all individuals with Illinois addresses (ii) who on or after April 26, 2005 received one or more collection letters in a form substantially similar (excluding personal identification

2

information for addressee and name of facility where debt incurred) to Exhibit A to the Amended Complaint which were not returned as undeliverable (iii) attempting to collect a debt allegedly owed to Cook County, Illinois for services, goods, drugs or equipment provided by Provident Hospital, Cook County Hospital, Oak Forest Hospital or their associated clinics (the "Settlement Class").

The Court hereby certifies the Settlement Class.

8.    Excluded from the Settlement Class are the following persons who timely requested exclusion from the Settlement Class.:Sergio Aguilera, Marek Bajno, Nancy Gasior, Wladyslaw Hawryia, Adeeb Ibrahim, Murad Imam, Rodrigo Mesa, Agniete Mezemceviene, Crisshan Miggins and Luis Munoz.

9.    With respect to the Settlement Class, the Court finds that:

a.    The Members of the Settlement Class are ascertainable and so numerous that joinder of all members is impracticable;

b.    There are questions of law or fact common to the Settlement Class, and there is a well-defined community of interest among members of the Settlement Class with respect to the subject matter of this litigation;

c.    The claims of Louis Parker are typical of the claims of the members of the Settlement Class;

d.    Louis Parker has adequately and fairly represented the interests of the Settlement Class;

e.    A class action is superior to other available methods for an efficient adjudication of this controversy; and

f.    The counsel of record for Louis Parker and the Settlement Class are qualified to serve in that capacity and have fairly and adequately represented the Settlement Class..

3

10.     Plaintiff and each Settlement Class member not listed in Paragraph 8 herein, release and forever discharge Linebarger, Goggan, Blair & Sampson, LLP ("LGBS") and its past, present, or future parents, officers, directors, partners, members, principals, employees, agents, servants, predecessors, successors, subsidiaries, affiliates, shareholders, heirs, executors, trustees, attorneys and assigns ("Released Parties") of and from all causes of action, suits, claims, and demands based on the allegations which were brought or which could have been brought in *Parker v. Linebarger, Goggan, Blair & Sampson, LLP*, No. 06 CV 2346, currently pending in the United States District Court for the Northern District of Illinois, subject to only the following exception: this Release is in no way intended to and does not release Class members' defenses relating to (a) whether the debt is in fact actually owed, (2) the crediting of payments to such debts, and (3) the reporting of such debts to the consumer credit reporting bureaus (the "Released Claims"). This Release expressly includes any Settlement Class member's claims against LGBS that are based upon or relate to claims for lack of meaningful involvement or attorney involvement against LGBS, and the Settlement Class members expressly agree that this release will be, and may be raised as a complete defense to any such claims. The parties are to bear their own costs except as otherwise provided in the Class Action Settlement Agreement.

11.     Neither the Class Action Settlement Agreement nor the settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Class Action Settlement Agreement or the settlement:

        a.     Is or may be deemed to be or may be used as an admission of, or evidence, of, the validity of any Released Claim, or of any wrongdoing or liability of the Released Parties; or

        b.     Is or may be deemed to be or may be used as an admission of, or evidence of,

4

any fault or admission of any of the Released Parties in any civil, criminal or administrative proceeding in any court, administrative agency, or tribunal. The Class Action Settlement Agreement and the judgment from this litigation may be used in any other action in order to support a defense or counterclaim based on the existence of the Agreement, such as res judicata, collateral estoppel, release, good faith settlement, judgment bar, reduction, or the like.

12.    The Court dismisses the claims of Louis Parker and the Settlement Class with prejudice and without costs.

13.    The parties are directed to continue performing the requirements of the Class Action Settlement Agreement. Class Counsel are awarded $14,000 in attorneys' fees and costs, and the Court finds that the hourly rate of Class Counsel Jason G. Shanfield of $290 per hour is reasonable and consistent with market rates and the time entries corresponding to work performed in the furtherance of this matter are reasonable.

14.    The Court approves the provision of the Settlement Agreement providing that any settlement funds remaining after all claims of the Settlement Class Members are paid, and payment of attorney's fees is made is to be awarded as a cy pres remedy to the Legal Assistance Foundation and Catholic Charities in equal amounts.

15.    The Court reserves exclusive and continuing jurisdiction over the litigation for purposes of supervising the implementation, enforcement, construction, administration, and interpretation of the Class Action Settlement Agreement and this Order.

[JUN 1 4 2007

Charles P. Kocoras

Hon. Charles P. Kocoras
United States District Judge

5

# APPENDIX 7

# Williams Montgomery & John Ltd.

*A Firm of Trial Lawyers*

**STATEMENT**

Attorneys At Law
20 North Wacker Drive
Suite 2100
Chicago, IL 60606
312-443-3200

Employer I.D. 36-2715906

Ms. Chandra Freeman
First American Holdings, LLC
2809 Wehrle Drive, Suite 1
Williamsville NY  14221

June 12, 2008

Invoice    151363

Our Matter  #   27827.00BUCH
Joffrey Benford v. Christopher M. Ranier

For Services Through May 31, 2008

| | |
|---|---:|
| Current Fees Due | $3,925.00 |
| Current Costs Due | $27.85 |
| Total Current Fees and Costs Due | $3,952.85 |

**TOTAL DUE AT THIS TIME**                    **$3,952.85**

Payment is due upon receipt...Please return this page with your payment

# Williams Montgomery & John Ltd.
### A Firm of Trial Lawyers

June 12, 2008
Invoice    151363

| | | |
|---|---|---|
| 04/24/08 | Conference with T. Falkenberg regarding new matter. | |
| | R.M. McCann | 0.20 hrs. |
| 04/24/08 | Review pleadings and documentation and brief review of federal rules regarding offer of judgment and default judgments. | |
| | R.M. McCann | 0.70 hrs. |
| 04/24/08 | Conversation with plaintiff's counsel regarding merits. | |
| | R.M. McCann | 0.50 hrs. |
| 04/24/08 | Telephone conference with Carl Steinbrenner and Chandra Freeman. | |
| | R.M. McCann | 0.80 hrs. |
| 04/24/08 | Telephone conference with Christopher Ranieri regarding merits of case. | |
| | R.M. McCann | 0.40 hrs. |
| 04/24/08 | Telephone call from client regarding new matter; Discuss background; Review complaint; Meeting with RMM to discuss strategy and opened file. | |
| | T.F. Falkenberg | 1.00 hrs. |
| 04/25/08 | Telephone conference with C. Ranieri; research on invasion of privacy, FDCPA jury verdicts; extended telephone conference with plaintiff's counsel regarding merits. | |
| | R.M. McCann | 2.00 hrs. |
| 04/28/08 | Draft Offer of Judgment and submit to clients for review. | |
| | R.M. McCann | 0.50 hrs. |
| 04/29/08 | Draft ▓▓▓▓▓▓▓▓▓▓ etter; telephone conference with C. Freeman regarding service and offer of judgment; brief telephone conference with plaintiff's counsel. | |
| | R.M. McCann | 0.80 hrs. |
| 04/30/08 | Telephone conference with C. Freeman regarding terms and operation of offer of judgment; receive and review Amended Complaint. | |
| | R.M. McCann | 0.70 hrs. |
| 05/01/08 | Review relevant law regarding Rule 68 offer of judgment and revise Offer of Judgment. | |
| | R.M. McCann | 1.00 hrs. |
| 05/01/08 | Submit revised Offer of Judgment to C. Freeman for review and discuss revised offer with C. Freeman and C. Ranieri; serve Offer of Judgment on plaintiff. | |
| | R.M. McCann | 0.50 hrs. |
| 05/01/08 | Discussions with R.M. McCann regarding terms of offer of judgment; review statute as to nature of terms required. | |
| | T.F. Falkenberg | 0.50 hrs. |

Williams Montgomery & John Ltd.

*A Firm of Trial Lawyers*

June 12, 2008
Invoice    151363

| | | |
|---|---|---|
| 05/09/08 | Review of court file and review acceptance of offer of judgment. | |
| | R.M. McCann | 0.30 hrs. |
| 05/14/08 | Receipt and brief review of billing records (redacted) from plaintiff; forward to client for review. | |
| | R.M. McCann | 0.20 hrs. |
| 05/16/08 | File appearance for Ranier defendants. | |
| | R.M. McCann | 0.10 hrs. |
| 05/20/08 | Telephone conference with counsel for Benford regarding fees, settlement. | |
| | R.M. McCann | 0.40 hrs. |
| 05/21/08 | E-mail exchange with plaintiff's counsel and client regarding May 22, 2008 status, fee claim and offer of judgment. | |
| | R.M. McCann | 0.50 hrs. |
| 05/21/08 | Review law whether there is any basis for plaintiff to renege on acceptance of offer of judgment. | |
| | R.M. McCann | 0.50 hrs. |
| 05/21/08 | Review records from plaintiff regarding fees. | |
| | R.M. McCann | 0.40 hrs. |
| 05/22/08 | Telephone conference with Chandra Freeman. | |
| | R.M. McCann | 0.20 hrs. |
| 05/22/08 | Appear in court for status; e-mail to C. Freeman regarding status. | |
| | R.M. McCann | 1.00 hrs. |
| 05/28/08 | Revisit invoices and client comments regarding fees; place telephone call to plaintiff's counsel regarding fee claim. | |
| | R.M. McCann | 0.30 hrs. |
| 05/28/08 | Telephone conference with plaintiff's counsel regarding fees. | |
| | R.M. McCann | 0.30 hrs. |
| 05/30/08 | E-mail response to plaintiff's counsel regarding fee claim and status of negotiations. | |
| | R.M. McCann | 0.20 hrs. |

## BILLING SUMMARY

| Name | Title | Hours | Rate/Hr | Dollars |
|---|---|---|---|---|

Williams Montgomery & John Ltd.
*A Firm of Trial Lawyers*

June 12, 2008
Invoice    151363

| | | | | |
|---|---|---|---|---|
| R.M. McCann | ASSOCIATE | 12.50 | 300.00 | $3,750.00 |
| T.F. Falkenberg | PARTNER | 1.50 | 175.00 | $175.00 |
| | TOTALS | 14.00 | | $3,925.00 |

Fees For Professional Services                                    $3,925.00

### Reimbursable Costs

| | | |
|---|---|---|
| 04/28/08 | Legal research re: - MRM | 9.60 |
| 05/31/08 | Document Reproduction | 18.25 |
| | Total Reimbursable Costs | $27.85 |

Total current billing for this invoice                    $3,952.85

**PLEASE REMIT TOTAL BALANCE DUE**                    **$3,952.85**

# APPENDIX 8

| DATE | WORK DONE<br>Curtis C. Warner, WLF, LLC | TIME |
|---|---|---|
| 10.30.07 | Initial call from p/c re d/c law office contacted aunt told her about sreving him w/ papers | 0.3 |
| 10.30.07 | Research court dockets in Cook Co to find whether clt was sued | 0.2 |
| 10.30.07 | Internet resreach re: Defendants for background on Complt. | 1.5 |
| 10.30.07 | e-mail to client regarding previous suit & retainer agreement | 0.1 |
| 10.30.07 | e-mail response form plt. re: previous suit and contact info of Aunt's | 0.1 |
| 11.01.07 | vm to Aunt for her to call back | 0.1 |
| 11.02.07 | e-mail to plt. re: atemoted contact of Aunt | 0.1 |
| 11.02.07 | e-mail from plt. w/ more info about the calls from d/c law office.  Plt. recvd call | 0.1 |
| 11.02.07 | e-mail follow up instructing plt to take picture of cell phone for evd. Of calls | 0.1 |
| 11.02.07 | e-mail resp. from Plt. re: cell phone call issue | 0.1 |
| 11.05.07 | e-mail follow up on best times to contact aunt and that she should speak to me. | 0.1 |
| 11.05.07 | Call to plt. aunt to verify info.  Stated d/c said need to serve papers Nov.  court date | 0.2 |
| 11.14.07 | Call from plt. Law firm called again, same person different law firm name than used before | 0.4 |
| 11.16.07 | e-mail form plt. re: not being able to record voice mail left by d/c | 0.1 |
| 11.20.07 | Phone call from Swanson-Mace law firm regarding same debt Raneri trying to collect | 0.2 |
| 11.20.07 | Letter to Swanson-Mace for verification and conf. not Ranieri | 0.2 |
| 11.20.07 | e-mail to plt. Re: S-M letter for verification and instructions if they should call again | 0.1 |
| 11.21.07 | fax from S-M denying affiliation w/ Ranieri and will cease collection | 0.1 |
| 11.21.07 | Draft dispute letter to Raneri for same debt | 0.1 |
| 11.21.07 | e-mail to plt. w/ fax & ltr and advise to wait on suit until Ranieri responds | 0.1 |
| 11.21.07 | e-mail to plt. Re: S&P letter and follow up questions re: Ranieri | 0.1 |
| 01.14.08 | e-mail to Plt. re: my family matter out of state and unavailability & more questions re: Rani | 0.1 |
| 01.16.08 | e-mails from plt. and resp. re: meeting and review of dox | 0.2 |
| 01.18.08 | Letter to Swanson-Mace to determine if Ranieri or She was running the office at time of call | 0.2 |
| 01.18.08 | e-mail to plt. re: letter to S_M to determine if Ranieri was running office at time of call | 0.1 |
| 01.23.08 | e-mail from Kristin Swanson Mace regarding timing of her purchase of Ranieri Office | 0.1 |
| 01.23.08 | Phone call from Swanson-Mace office, Mr. Fitos, regarding Benford account | 0.2 |
| 01.25.08 | Meeting with Client to discuss case and review his docuements he brough with him. | 1 |
| 01.25.08 | e-mail form Mr. Fitos confirming conversation | 0.1 |
| 02.08.08 | e-mail to plt. w/ questions re: Ranieri 9.21.07 letter to plt. | 0.1 |
| 02.11.08 | Cont. Reseach into other allegations of similar nature v. Raneri review multiple compltaints | 0.5 |
| 02.11.08 | Resaech supporting authority FDCPA / State law claims / damages | 2 |
| 02.11.08 | Draft complaint | 1.5 |
| 02.12.08 | e-mail to plt. w/ draft of complaint for review | 0.1 |
| 02.12.08 | e-mail response form plt. re: complt. w/ quesitons | 0.1 |
| 02.13.08 | e-mail resp. and follow up to questions re: complaint | 0.1 |

| DATE | WORK DONE<br>Curtis C. Warner, WLF, LLC | TIME |
|------|------------------------------------------|------|
| 02.14.08 | ECF filing of Complt. | 0.1 |
| 02.14.08 | e-mail from Deb. L re: Magnifico v. First American Inv. Co. 07 C 3091 (E.D. Mo.) | 0.1 |
| 02.14.08 | Issued Waiver of Service | 0.1 |
| 02.15.08 | Draft Certificate of Service for Waiver of Service being sent / E-file | 0.1 |
| 02.26.08 | e-mails with Dallas TX atty about rumor that S&P went out of business | 0.1 |
| 03.19.08 | Fill out Summons, Call to ECF clerk for issuing instructions, e-mail intake @ ilnd | 0.1 |
| 03.20.08 | e-mail Summons issued by court | 0.1 |
| 03.20.08 | locate SOP for FAIC and letter to Sherrif's office | 0.1 |
| 03.20.08 | locate SOP for Ranieri and letter to Sherrif's office | 0.1 |
| 04.07.08 | review NYS SOS website re: FAIC - Changed Name to US Credit Agency - Call NYS SOS | 0.3 |
| 04.14.08 | VM from Def. R. | 0.1 |
| 04.14.08 | Call to Plt re: settlement auth. | 0.1 |
| 04.15.08 | Draft proposed settlement agreement | 0.3 |
| 04.15.08 | Call to Def. Ranieri wanting to disc what Plt.s demand was and for ext. of time.  No ext. | 0.2 |
| 04.15.08 | Draft Notes of Phone call w/ Ranieri | 0.1 |
| 04.15.08 | Research Rule 4 motion | 0.3 |
| 04.15.08 | Draft Rule 4 motion | 0.3 |
| 04.15.08 | Letter to Renier re: Rule 4 motion | 0.1 |
| 04.15.08 | Research on further violations of FDCPA by Ranieri | 0.3 |
| 04.15.08 | Draft Amended Complaint / MTN to Amend Complt. | 0.5 |
| 04.17.08 | Prep exhibits for ECF filing .1 and file .1 | 0.2 |
| 04.17.08 | Draft notice of motion | 0.1 |
| 04.17.08 | scan and file ECF SOP on Def. R. | 0.1 |
| 04.17.08 | Motion to correct / notice of motion / ECF filing | 0.2 |
| 04.18.08 | Initial Status Conf. Defs no-show | 1 |
| 04.21.08 | Conference w/ Laura Bautista to bring on aboard as co-counsel rev. of case | 0.3 |
| 04.23.08 | Conference w/ Laura regarding court hearing | 0.3 |
| 04.24.08 | Call from Michael McCann stating he rep. Def. FAIC & Raneri - woul not accept SOP for FAIC | 0.4 |
| 04.28.08 | Call from McCann w/ posibility of est. offer w/o any offer. Wanted to disc. Mertis/damages | 0.4 |
| 04.29.08 | Phone Call Conf. from Goins Underkolfer, Craford that S&P is out of busines | 0.1 |
| 04.29.08 | Call from Mc.Cann.  Conf. Name change of FAIC to USCA will not accpt service. | 0.1 |
| 04.29.08 | Draft notes of McCann phone call | 0.1 |
| 04.29.08 | Internet Resarech and determined that Steinbrenner is FH Holdings General Counsel good service | 0.5 |
| 04.29.08 | ECF - New case Apr. 25, 2008 filed against Ranieri E.D. P.A. Helmininac, similar allegations | 0.1 |
| 04.29.08 | Call to Plt. expl. McCann call re: possible settlement or offer of judgment get auth | 0.2 |
| 05.01.08 | Review Rule 68 Offer from Def. Ranieri | 0.1 |

| DATE | WORK DONE<br>Curtis C. Warner, WLF, LLC | TIME |
|------|------------------------------------------|------|
| 05.01.08 | Research Rule 68 OJJ of one Def. having judgment entered against them w/o other def. | 0.5 |
| 05.01.08 | Reseach USCA changed name to UniStates Credit Agency, LLC | 0.1 |
| 05.01.08 | Conf. w/ Laura re: effect of Amnd. Complt on USCA & Offer of Judgment | 0.2 |
| 05.01.08 | e-mail to plt. re: offer of judment / recommendations and for follow up | 0.1 |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  | **Total Hours** | 19.4 |
|  | **Attorney's Fees @ $260 per hour** | 5044 |

# Laura K. Bautista, esq.
205 W. Monroe, 4th Floor
Chicago, IL 60606
773-512-5796
312-603-9986 (fax)

Re: Benford v. Ranieri, et. al.

| Date | Hours | Description |
|------|-------|-------------|
| 04/21/08 | 0.3 | Discussion with Curt Warner regarding case & co-counseling matter |
| 04/23/08 | 0.9 | Appearance on motion to amend, motion for fees, and motion to correct. |
| 4/23/08 | 0.3 | Discussion with Curt Warner regarding court appearance |
| 05/01/08 | 0.2 | Discussion with Curt Warner via email regarding order entered by judge regarding motion to amend complaint and language in offer of judgment |
| | | |

**Total Hours:** 1.7

Hourly Rate: $190

Total Attorney's Fees: $ 323

# APPENDIX 9

**Subject: Re: FDCPA Suit Investigation re: Joffrey Benford**
**Date:** Wednesday, January 23, 2008 11:44 AM
**From:** kristin mace <wcatty@msn.com>
**To:** Curt Warner <cwarner@warnerlawllc.com>
**Cc:** Jeff Fitos <jfitos@swanson-macelawoffice.com>
**Conversation:** FDCPA Suit Investigation re: Joffrey Benford

Mr. Warner - I am receipt of your e-mail concerning Mr. Benford.  Please be advised that I did not take over this particular office until 11/12/07.  I will go ahead and research this matter further.  I am asking Jeff Fitos, my Firm Administrator, to pull the file and contact you directly.

If you have any additional questions or concerns, please do not hesitate to contact me.

Kristin Swanson-Mace

    ----- Original Message -----

    **From:** Curt Warner <mailto:cwarner@warnerlawllc.com>

    **To:** wcatty@msn.com

    **Sent:** Friday, January 18, 2008 10:23  AM

    **Subject:** FDCPA Suit Investigation re:  Joffrey Benford


                        January 18, 2008

        VIA  FAX & E-MAIL
        Kristin Swanson-Mace
        Kristin Swanson-Mace,  P.A.
        238 N. Westmont Dr., Ste. 105 – 107
        Altamonte Springs, FL  32714
        (407) 862-2518 (FAX)
        wcatty@msn.com

                Re:        Joffrey  Benford

        Dear Ms. Swanson-Mace:

        As you office knows  from my November 20, 2007 fax the Warner Law Firm, LLC represents Mr. Benford  in regard to the debt your office was collecting upon.

The firm has been in the process of investigating a claim under the Fair Dept Collection Practices Act and state law arising from a telephone call placed to Mr. Benford's aunt on October 26, 2007. During this conversation Mr. Benford's aunt indicated that the collector informed her that the collector was looking for Mr. Benford to serve him with court papers for a hearing in November. Our investigation has shown that this statement was false and appears to be a practice of The Christopher Ranieri Law Firm. (see e.g. *Mills v. Christopher M. Ranieri*, 1:07-cv-733 (W.D. Mich)).

The firm's investigation indicates that your office has either purchased or taken over the debt collection practice of The Christopher Ranieri Law Firm in some capacity. However the firm is uncertain of the date when this transaction occurred.

Under the firm's obligation to investigate Mr. Benford's claim under Federal Rule of Civil Procedure 11, which includes the proper party to file suit against, I am asking you whether your office or The Christopher Ranieri Law Firm contacted Mr. Benford's aunt on October 26, 2007.

Please contact me at 312.238.9820 at your earliest convenience to discuss this matter. If I do not promptly hear from you, I can only assume that since your employee confirmed that the phone call occurred and a record of its occurrence is in your office's collection notes, that your office placed the call.


Regards,

Curtis C. Warner


- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**Curtis  Warner**        |   **Admitted in Illinois  & Michigan**

Warner Law  Firm, LLC
Millennium Park  Plaza
151 N. Michigan Ave. 37th Floor
Chicago, Illinois 60601
**p.** 312.238.9820
**f.**  312.638.9139
**web.** www.warnerlawllc.com
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

IMPORTANT: This  message is intended solely to be used by the individual or entity to which it  is addressed.  It may contain information which is privileged,  confidential and otherwise exempt by law from disclosure.  If you